# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 18-CR-1001-LRR |
| vs. | | **REPORT AND RECOMMENDATION REGARDING MOTION TO WITHDRAW GUILTY PLEA** |
| GREGORY ANDERSON, JR., | | |
| Defendant. | | |

_____

This matter is before me pursuant to defendant's motion to withdraw his guilty plea. (Doc. 65). Defendant alleges that his former attorney "rendered [services that] were deficient and that as a result Defendant has been prejudiced." (Id., at 2). Defendant did not, however, describe how or in what manner his prior attorney was ineffective. On August 13, 2018, I held a hearing with defendant and counsel to explore the nature of the evidence the parties anticipated presenting on this matter and we discussed the likelihood that defendant would need to waive the attorney-client privilege with respect to any communication that pertained to his allegations of ineffective assistance of counsel. On August 20, 2018, defendant filed notice with the Court that he did not intend to waive his attorney-client privilege. (Doc. 71). On August 27, 2018, I held another hearing to hear any evidence the parties wished to present on the motion. Defendant stated he had no evidence to present.

For the reasons that follow, I respectfully recommend the Court deny defendant's motion to withdraw his guilty plea.

## I.    ANALYSIS

A defendant has no absolute right to withdraw a guilty plea. *See United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir.1993). A district court may allow a defendant to withdraw his guilty plea if he shows a "fair and just reason," FED. R. CRIM. P.

11(d)(2)(B), but a guilty plea should not "be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir.1997). "'The defendant bears the burden of showing fair and just grounds for withdrawal.'" *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir.2009) (quoting *United States v. Mugan*, 441 F.3d 622, 630–31 (8th Cir.2006)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, 'the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir.1992) (quoting *United States v. Rawlins*, 440 F.2d 1043, 1046 (8th Cir.1971)). "Even if such a fair and just reason exists, before granting the motion a court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir.2006) (quoting *United States v. Nichols*, 986 F.2d 1199, 1201 (8th Cir.1993)). "Where the court sees no fair and just reason to permit withdrawal, however, these additional matters need not be considered." *Id*.

I find defendant has not shown a fair and just reason to withdraw his guilty plea. Ineffective assistant of counsel can constitute just cause for allowing a defendant to withdraw a guilty plea. *United States v. Haubrich*, 744 F.3d 544 (8th Cir. 2014). Here, however, there is no evidence that defendant's prior attorney was ineffective. A mere allegation of ineffective assistance of counsel is insufficient to carry defendant's burden, especially when, as here, defendant has not even described the alleged ineffective representation or explained how it led him erroneously to enter a guilty plea.

## II.    CONCLUSION

For the reasons set forth above, I respectfully recommend the Court **deny** defendant's motion to withdraw his guilty plea.  (Doc. 65).

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CRIM. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation.  Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  *See* FED. R. CRIM. P. 59.  Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein.  *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 27th day of August, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa